UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DYMPNA D. MCMANUS,

    Petitioner

v.

    CIVIL ACTION
    No. _____

PETER J. MCMANUS

    Respondent.

**04cv10752 GAO**

## PETITION FOR RETURN OF CHILDREN TO PETITIONER PURSUANT TO THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION

### NATURE OF ACTION

1.  This petition is brought pursuant to the Hague Convention of Civil Aspects of International Child Abduction,[1] done at the Hague on October 25, 1980 ("Hague Convention"), attached hereto as <u>Exhibit 1</u>, and the International Child Abduction Remedies Act ("ICARA"), the statute implementing the Hague Convention in the United States,[2] attached hereto as <u>Exhibit 2</u>, and seeks the immediate return of Petitioner's four children to their home in Northern Ireland.

---

[1]    T.I.A.S. No. 11670 at 1, 22514 U.N.T.S. at 98, *reprinted* in 51 Fed. Reg. 10494.

[2]    42 U.S.C. 11601 et seq.

1

## PARTIES

2. Petitioner Dympna D. McManus ("Petitioner") is a citizen of Northern Ireland and currently resides at 119 Sligo Road, Enniskillen, County Fermanagh, Northern Ireland.

3. Respondent Peter J. McManus ("Respondent") is a citizen of the United States and, upon information and belief, is currently residing at 31 Ellison Avenue, Boston, Massachusetts.

## JURISDICTION

4. This Court has jurisdiction pursuant to 42 U.S.C. 11603 (2002).

## THE FACTS

### History of Custody and Residence of the McManus Children

5. Petitioner and Respondent were married on February 22, 1988 in Boston, Massachusetts and again in Northern Ireland on or about July 9, 1989.

6. Petitioner and Respondent have four children together: Daniel McManus, Sean McManus, Stephanie McManus, and Peter J. McManus (hereinafter collectively referred to as the "McManus Children"). All four children were born in the Commonwealth of Massachusetts and are citizens of the United States.

7. Daniel McManus was born on July 31, 1990 and is currently 13 years old.

8. Sean McManus, the twin brother of Daniel McManus, was also born on July 31, 1990 and is currently 13 years old.

9. Stephanie McManus was born on December 12, 1991 and is currently 12 years old.

10. Peter McManus was born on May 19, 1993 and is currently 10 years old.

11. At all times material to this Petition, Petitioner and Respondent have had joint legal custody of the McManus Children under the laws of Northern Ireland.

12. The McManus family, including Petitioner, Respondent, and the McManus Children, lived together in Dorchester, Massachusetts until May of 2001.

13. In May of 2001, the McManus family permanently relocated to Northern Ireland and took up residence at 119 Sligo Road, Enniskillen, County Fermanagh, Northern Ireland.

14. Since May of 2001, the McManus Children have established significant contacts with Northern Ireland where they resided in their family home, attended school, and become involved in their local community.

15. Northern Ireland is the place of the McManus Children's habitual residence.

16. On or about December 14, 2001, Respondent abandoned Petitioner and the McManus Children and returned alone to the United States where he has resided until the present day.

17. After Respondent's return to the United States, the McManus Children continued to reside with Petitioner at their family home in Northern Ireland and to attend school.

18. Respondent returned to Northern Ireland twice in 2002 for the purpose of visiting the McManus Children.

19. In 2003, Petitioner and Respondent agreed that the McManus Children would visit Respondent in the United States for 3 weeks in July 2003. Pursuant to

that agreement, the McManus Children were purchased round trip airline tickets with a departure date of July 2, 2003 and return date of July 24, 2003.

20. On July 24, 2003, Respondent did not permit the McManus Children to return to Northern Ireland as planned and has since refused to return the McManus Children to their habitual residence in Northern Ireland.

21. Respondent's retention of the McManus Children in the United States since July 24, 2003 was and has been done without the consent of Petitioner and in breach of her custodial rights to the McManus Children.

22. Until recently, Petitioner did not know the whereabouts of and was denied communication with the McManus Children.

23. Upon information and belief, the McManus Children are currently residing with the Respondent in Boston, Massachusetts.

Petitioner's Efforts to Secure The Return of the McManus Children

24. Both the United States and Northern Ireland are contracting states to the Hague Convention.

25. The Hague Convention is in force and effect in both the United States and Northern Ireland.

26. The purpose of the Hague Convention is twofold: 1) to secure the prompt return of children wrongfully removed or retained in any contracting state; and 2) to ensure that the rights of custody and access under the laws of one contracting state are effectively respected in other contracting states. See Exhibit 1, Art. 1.

4

27.  Under Article 4 of the Hague Convention, the Hague Convention applies to any child under 16 years of age who was habitually residing in a contracting state immediately before the child's wrongful removal or retention to another contracting state.

28.  Under Article 12 of the Hague Convention, judicial or administrative authorities in contracting states are under a treaty obligation to order the return any child wrongfully removed or retained to his or her place of habitual residence if a petition for return is filed within one year of the wrongful retention and the child is under 16 years of age.

29.  Under Article 16 of the Hague Convention, judicial or administrative authorities in contracting states are not to decide the merits of rights of custody until and unless a final determination has been made on whether the child must be returned to his or her place of habitual residence.

30.  Pursuant to Article 8 of the Hague Convention, citizens of contracting states may apply to designated central authorities for the return of children wrongfully retained in other contracting states.

31.  Pursuant to the authority of the Hague Convention, the Petitioner filed a written application with the Lord Chancellor's Office of Northern Ireland, the designated central authority for Northern Ireland, on October 3, 2003. The application sought the return of the McManus Children to their habitual residence in Northern Ireland. See Petitioner's Hague Application with attachments, attached hereto as Exhibit 3.

32. Thereafter, the Lord Chancellor's Office of Northern Ireland contacted the U.S. Department of State and the National Center for Missing and Exploited Children ("NCMEC"), designated central authorities for the United States. The NCMEC has aided the Lord Chancellor's Office of Northern Ireland to secure the voluntary return of the McManus Children to their place of habitual residence in Northern Ireland.

33. Despite its efforts, the NCMEC has not been able to effect the voluntarily return of the McManus Children to Northern Ireland.

34. Petitioner has incurred and will incur certain expenditures in connection with her efforts to secure the return of the McManus Children to Northern Ireland.

### Respondent's State Court Action

35. On or about January 31, 2003, Respondent filed a complaint against Petitioner in Massachusetts Probate and Family Court for Middlesex County ("Family Court"). The relief sought in the complaint was for divorce from Petitioner and sole custody of the McManus Children. Petitioner was served with the Family Court complaint on or about May 20, 2003.

36. On or about December 16, 2003, the Family Court issued a Judgment of Divorce Nisi granting Respondent a divorce from Petitioner and awarding Respondent temporary custody of the McManus Children. The Judgment Nisi was to take effect on March 15, 2004.

37. On or about March 8, 2004, Petitioner filed a motion to vacate the Judgment of Divorce Nisi and stay the Family Court proceedings pending the outcome of the within Petition. The Family Court will hear the motion on April 14, 2004.

### COUNT I (Declaratory Relief)

38. Petitioner incorporates the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. As a citizen of Northern Ireland, a contracting state to the Hague Convention, Petitioner is entitled to invoke the protections and judicial remedies afforded to her under the Hague Convention.

40. As a citizen of the United States, a contracting state to the Hague Convention, Respondent is subject to the terms and conditions of the Hague Convention.

41. Petitioner has a right to custody of the McManus Children by operation of the law of Northern Ireland in that she is the biological mother of the McManus Children and was married to Respondent at the time of their birth.

42. Petitioner was exercising her rights of custody, including caring for and residing with the McManus Children, immediately prior to Respondent's retention of the McManus Children in the United States on July 24, 2003.

43. Respondent's retention of the McManus Children in the United States and refusal to return the McManus Children to their habitual residence in Northern Ireland is without the consent of Petitioner and in breach of her custodial rights.

44. Petitioner is entitled to a declaration that Respondent's retention of the McManus Children in the United States is wrongful under the terms and conditions of the Hague Convention.

WHEREFORE: Petitioner prays for relief as follows:

1. A declaration that the Hague Convention applies to this controversy;

2. A declaration that Northern Ireland is the place of the McManus Children's habitual residence within the meaning of the Hague Convention;

3. A declaration that Petitioner has custodial rights to the McManus Children within the meaning of the Hague Convention and that Petitioner was exercising these rights immediately prior to Respondent's retention of the McManus Children in the United States;

4. A declaration that Petitioner's custodial rights have been breached by the Respondent's retention of the McManus Children in the United States;

5. A declaration that Respondent has wrongfully retained the McManus Children within the meaning of the Hague Convention; and

6. Such other and further relief as this Court deems appropriate.

## COUNT II (Injunctive Relief)

45. Petitioner incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Respondent's retention of the McManus Children in the United States is wrongful within the meaning of the Hague Convention because the retention is in breach of Petitioner's custodial rights, which rights Petitioner was exercising at the time of Respondent's wrongful retention.

47. The within Petition has been filed within one year from the date of Respondent's wrongful retention of the McManus Children.

48. The McManus Children, all under 16 years old, fall within the scope of the protections of the Hague Convention.

49. The McManus Children are not removed from the protections of the Hague Convention by reason of the Family Court's award of temporary custody of the McManus Children to the Respondent.

50. Article 12 of the Hague Convention requires that the Court order the return of the McManus Children to Northern Ireland, their place of habitual residence immediately prior to Respondent's wrongful retention, because this Petition is filed within one year of the date of Respondent's wrongful retention.

51. Article 11 of the Hague Convention requires that the Court act expeditiously in proceedings for the return of a child to his or her place of habitual residence.

52. The Hague Convention requires the stay of any other judicial proceedings concerning the custody of the McManus Children pending a determination pursuant to this Petition.

53. Article 26 of the Hague Convention and 42 U.S.C. §11607 permits the Court to order the Respondent to pay for any and all costs incurred by the Petitioner as a result of the wrongful retention.

WHEREFORE: Petitioner prays for relief as follows:

    1. An order prohibiting Respondent from removing the McManus Children from the Commonwealth of Massachusetts pending a final determination of this Court as to whether the McManus Children are to be returned to Northern Ireland;

...

2. An order granting Petitioner reasonable access to the McManus Children pending a final determination of this Court as to whether the McManus Children are to be returned to Northern Ireland;

3. An order staying the Family Court from adjudicating the issue of custody of the McManus Children pending a final determination of this Court as to whether the McManus Children are to be returned to Northern Ireland;

4. An order requiring Respondent's immediate return of the McManus Children to Petitioner in Northern Ireland;

5. An order directing the Respondent to pay Petitioner's past and future expenditures incurred as a result of the wrongful retention; and

6. Such other and further relief as the Court deems proper.

DYMPNA D. MCMANUS
By her Attorneys,

HOLLAND & KNIGHT, LLP

Harold W. Potter, Jr. (BBO #404240)
David J. Correira, Esq. (BB0 #554520)
Jennifer Cervenka, Esq.(BB0 #645724)
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
Tel: 617-523-2700
Fax: 617-523-6850

## ATTORNEY VERIFICATION

I am one of the attorneys for the Petitioner Dympna D. McManus. I make this verification on behalf of the Petitioner because she is absent from the United States. The factual information set forth in the above document is either known personally by me or has been supplied to me by the Petitioner and is true to the best of my knowledge and belief.

Signed under pains and penalties of perjury this 13th day of April, 2004.

_____
Jennifer Cervenka, Esq.

# 1858524_v1