UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DYMPNA MCMANUS,<br>Petitioner<br><br>V.<br><br>PETER MCMANUS,<br>Respondent | CIVIL NO. 04-10752-GAO |

**ANSWER TO PETITION FOR RETURN OF CHILDREN PURSUANT TO THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION**

1. This is an introductory paragraph and accordingly is neither admitted nor denied.

2. Admitted.

3. Admitted.

4. The respondent admits this court has jurisdiction over petitions under 42 USC 11603 involving the "Hague Convention".

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted.

13. Respondent admits the family took up temporary residence in Northern Ireland in May of 2001 but denies the family permanently relocated to Northern Ireland.

14. Admitted.

15. Denied.

16. Respondent admits he returned to the United States and continues to reside there, but denies he abandoned the children or the petitioner.

17. Admitted as to the continued residence with the petitioner but respondent denies all the children attended school regularly.

18. Denied. Further answering, respondent says he returned to Northern Ireland three times in 2002 and once in 2003.

19. Admitted.

20. Respondent admits he has not permitted the children to return to Northern Ireland, denies Northern Ireland is their habitual residence, and further says permitting the children to return to Northern Ireland would place them at grave risk of harm.

21. Denied.

22. Denied.

23. The McManus children reside with their father at 31 Ellison Avenue, Boston, MA.

24. Admitted

25. Admitted.

26. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention.

27. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention.

28. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention.

29. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention.

30. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention.

31. Respondent lacks sufficient knowledge to admit or deny the allegations of this paragraph.

32. Respondent lacks sufficient knowledge to admit or deny the allegations of this paragraph.

33. Respondent lacks sufficient knowledge to admit or deny the allegations of this paragraph.

34. Respondent lacks sufficient knowledge to admit or deny the allegations of this paragraph.

35. Admitted as to all allegations but for that stating the complaint sought sole custody of the children.

36. Admitted.

37. Admitted as the filing of the motions; further answering, respondent says the Family Court has denied the petitioner's motions on or about April 29, 2004.

38. Respondent incorporates his responses to the allegations of paragraphs 1-37 as if fully set forth herein.

39. This paragraph contains a legal conclusion which does not admit of admission or denial. Respondent denies petitioner is entitled to any relief under the convention.

40. This paragraph contains a legal conclusion which does not admit of admission or denial. Respondent denies petitioner is entitled to any relief under the convention.

41. This paragraph contains a legal conclusion which does not admit of admission or denial.

42. Denied.

43. Denied.

44. WHEREFORE, respondent requests all the prayers for relief in Count I be denied.

45. Respondent incorporates his responses to the allegations of paragraphs 1-44 as if fully set forth herein.

46. Denied.

47. Admitted as filed with one year but denied as to wrongful retention.

48. This paragraph contains a legal conclusion. Respondent denies petitioner is entitled to any relief under the convention.

49. This paragraph contains a legal conclusion, which conclusion respondent denies.

50. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention.

51. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention.

52. Denied.

53. The respondent says the "Hague Convention" speaks for itself. Respondent denies petitioner is entitled to any relief under the convention, and WHEREFORE, respondent requests all the prayers for relief in Count II be denied.

FIRST AFFIRMATIVE DEFENSE

There is a grave risk that return of the children would expose them to physical and psychological harm and place them in an intolerable situation, and hence under Article 13(b) of the Hague Convention the children should not be returned.

SECOND AFFIRMATIVE DEFENSE

The children object to being returned and each has attained an age and degree of maturity at which it is appropriate to take account of his or her views, and hence under Article 13(b) of the Hague Convention the children should not be returned.

THIRD AFFIMATIVE DEFENSE

Northern Ireland was not the habitual residence of the children, but a mere interim and temporary living situation. Hence, no relief is available to petitioner under the Hague Convention.

FOURTH AFFIRMATIVE DEFENSE

The petitioner has consented to and acquiesced to the respondent having physical custody of the children. Hence,

no relief is available to petitioner under the Hague Convention.

FIFTH AFFIRMATIVE DEFENSE

The father as a parent with custody was exercising the fundamental right to protect his children from a grave risk of physical or psychological harm, and an intolerable situation; hence, no relief is available to petitioner under the Hague Convention.

May 10, 2004

By his attorney,

Harold Robertson, Esq.
Harmon & Robertson, P.C.
85 Merrimac St.  4th Floor
Boston, MA 02114
617-742-5900
BBO 422700

7